UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANTHONY SHAFER, Petitioner, | : | CASE NO. 1:06-CV-648 |
| vs. | : | OPINION & ORDER [Resolving Docs. No.16,18,24] |
| JULIUS WILSON, WARDEN Respondent. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 22, 2006, Petitioner Shafer filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Doc. 1.] With his petition, Shafer seeks relief from the sentence that Ohio imposed following his conviction on one court of rape of a victim under 13 years of age and four counts of gross sexual imposition. *Id.* Respondent Julius Wilson opposes the petition. [Doc. 8.]

On November 9, 2006, Magistrate Judge Hemann filed a Report and Recommendation that recommended the Court (1) grant Shafer's petition for a federal writ of habeas corpus with respect to Shafer's sentence for rape beyond the minimum three-year term and his consecutive sentences; (2) give the state the option of re-sentencing Shafer; and (3) overrule all other grounds for relief. [Doc. 16.] Both the Petitioner and the Government objects to the Magistrate Judge's Report and Recommendation [Docs. 18, 24.] For the reasons provided below, the Court **ADOPTS** in part and **DENIES** in part the Magistrate Judge's Report and Recommendation.

I. Background

On May 22, 2000, the Cuyahoga County Grand Jury returned a six count indictment charging Petitioner Shafer with two counts of rape of a victim under thirteen years of age with sexual violent predator specifications and four counts of gross sexual imposition of a victim under thirteen years of age. [Doc. 16.] After trial, a jury found Petitioner Shafer guilty of one count of rape without the sexual violent predator specification and four counts of gross sexual imposition as charged. *Id.* The trial court then sentenced the Petitioner to sixty months of incarceration on the count of rape and to twelve months of incarceration on each count of gross sexual imposition. *Id* Under the Petitioner's sentence, the trial court ordered the twelve month gross sexual imposition sentences to run concurrently with each other but consecutive to the five year sentence. *Id.*

The conduct that served as the basis for the Petitioner's conviction, which the Magistrate Judge's Report more fully summarizes, revolves around the Petitioner's relationship with the young daughter of a family that the Petitioner befriended in 1992 or 1993. *Id.* Specifically, from 1997 through 1998 the indictment alleges that Petitioner Shafer engaged in inappropriate kissing and touching with the then eleven year old victim. *Id.* Additionally, the Petitioner allegedly had the victim perform oral sex on two occasions and also digitally penetrated the victim. *Id.*

During the relevant time period, Petitioner Shafer, along with the victim's parents and others, was working to form a non-denominational church for which Shafer would then serve as the pastor. *Id.* Accordingly, Petitioner Shafer, then thirty two years old, spent a significant amount of time with the victim and her family. *Id* After suffering a falling out with the Petitioner related to their church disbanding, the victim's family contacted the police in late 1999 once the victim conveyed to them the details of her relationship with the Petitioner. *Id.* As the Magistrate Judge's Report

more fully discusses, after his ultimate conviction the Petitioner exhausted all available state remedies without obtaining any relief. *Id.*

On March 21, 2006, Petitioner Shafer filed the instant petitioner for a writ of habeas corpus, in which he raises the following five grounds for relief:

> A. Ground one: MR SHAFER WAS DENIED HIS RIGHT TO DUE PROCESS WHEN THE TRIAL COURT AMENDED THE INDICTMENT TO SIGNIFICANTLY EXPAND THE TIME FRAME WITHIN WHICH THE ALLEGED OFFENSES WERE COMMITTED.
>
> B. Ground two: THE TRIAL COURT DENIED MR. SHAFER HIS RIGHT TO DUE PROCESS AND TRIAL BY JURY WHEN IT FAILED TO INSTRUCT THE JURY THAT IT MUST BE UNANIMOUS AS TO THE CONDUCT THAT THE JURY BELIEVED CONSTITUTED A PARTICULAR OFFENSE.
>
> C. Ground three: MR. SHAFER WAS DENIED HIS RIGHT TO DUE PROCESS AND TRIAL BY JURY WHEN THE PROSECUTOR ARGUED BEYOND THE EVIDENCE IN CLOSING ARGUMENT AND APPEALED TO THE PASSIONS OF THE JURY BY URGING THE JURY TO DO JUSTICE FOR THE VICTIM AND BY COMMENTING ON THE DEFENDANT'S CHARACTER AND THE CHARACTER OF DEFENSE COUNSEL.
>
> D. Ground four: MR. SHAFER RECEIVED THE INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY FAILED TO OBJECT TO IMPROPER JURY INSTRUCTIONS, FAILED TO OBJECT TO THE IMPROPER AMENDMENT OF THE INDICTMENT, FAILED TO OBJECT TO IMPROPER CLOSING ARGUMENTS OF THE PROSECUTOR, FAILED TO REQUEST THAT THE JURY BE INSTRUCTED ON THE NEED TO BE UNANIMOUS AS TO WHAT CONDUCT CONSTITUTED A SPECIFIC OFFENSE, FAILED TO REQUEST THAT THE JURY BE INSTRUCTED AS TO DATES AND TIMES OF OFFENSE THAT CORRELATED WITH THE BILL OF PARTICULARS, AND FAILED TO REQUEST THAT THE JURY BE INSTRUCTED TO CONFINE ITS CONSIDERATION OF THE POLICE OFFICER'S OPINION ABOUT THE DEFENDANT'S GUILT TO THE ISSEU [sic] OF THE OFFICER'S BIAS AND NOT AS SUBSTANTIVE EVIDENCE OF GUILT.
>
> E. Ground five: MR. SHAFER WAS DENIED HIS SIXTH AMENDMENT RIGHT TO TRIAL BY JJURY [sic] BECAUSE THE TRIAL COURT IMPOSED A SENTENCE OF SIX YEARS OF IMPRISONMENT, WHICH EXCEEDED THE PRESUMPTIVE MINIMUM AND CONCURRENT SENTENCE OF THREE

YEARS UNDER OHIO LAW, ON THE BASIS OF FINDINGS ESSENTIAL TO PUNISHMENT THAT WERE MADE BY THE TRIAL JUDGE ALONE, NOT REFLECTED IN THE JURY'S VERDICT AND NOT ADMITTED BY THE DEFENDANT.

[Doc. 1.] After Respondent filed a Return of Writ on July 27, 2006, Magistrate Judge Hemann then filed a Report and Recommendation in which she recommended that the Court (1) grant Shafer's petition for a federal writ of habeas corpus with respect to Shafer's sentence for rape beyond the minimum three-year term and his consecutive sentences; (2) give the state the option of re-sentencing Shafer; and (3) overrule all other grounds for relief. [Doc. 16.] Both the Petitioner and the Government object to the Magistrate Judge's Report and Recommendation [Docs. 18, 24.] The Court considers both parties' objections below.

II. Legal Standard

The Federal Magistrates Act requires a district court to conduct a de novo review only of those portions of a Report and Recommendation to which an objection has been made. *See* 28 U.S.C. § 636(b)(1). As noted in Magistrate Hemann's Report and Recommendation, any objections must be filed with the Clerk of Court within ten days of the report's issuance. Parties waive their right to appeal the Magistrate Judge's Recommendation if they fail to object within the time allotted. *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), governs the standards of review for state court decisions. The AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to,

or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). *See also Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

The United States Supreme Court outlined the proper application of § 2254(d) in *Williams v. Taylor*, 529 U.S. 362 (2000). To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law clearly established by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." *Miller*, 269 F.3d at 614 (internal quotations omitted) (quoting *Williams v. Taylor*, 529 U.S. 362). Meanwhile, "under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 1523. The Sixth Circuit holds that, even if a federal court could determine that a state court incorrectly applied federal law, the court still could not grant relief unless it also finds that the state court ruling was unreasonable. *Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000).

Moreover, the factual findings of a state court are presumed to be correct. A federal court may only diverge from a state court's factual findings if the petitioner shows by clear and convincing evidence that the findings are erroneous. *See* 28 U.S.C. § 2254(e)(1).

## III. Analysis

### A. Procedurally Defaulted Grounds for Relief

As was noted above, Petitioner Shafer argues in his first three claims for relief that: (1) he was denied his right to due process when the trial court amended the indictment to significantly

expand the time frame within which the alleged offenses were committed; (2) the trial court denied him his right to due process and trial by jury when it failed to instruct the jury that it must be unanimous as to the conduct that the jury believed constituted a particular offense; and (3) he was denied his right to due process and trial by jury when the prosecutor argued beyond the evidence in closing argument and appealed to the passions of the jury by urging the jury to do justice for the victim and by commenting on the defendant's character and the character of defense counsel. [Doc. 1.] Magistrate Judge Hemann recommends that the Court deny Petitioner Shafer's first three claims for relief as procedurally defaulted. [Doc. 16.] The Petitioner objects to the Magistrate Judge's recommendation. [Doc. 24.] Ultimately, the Court agrees with Magistrate Judge Hemann.

A federal habeas court may not hear issues that the petitioner could have raised in the state court but failed to do so due to procedural default. *See Wainwright v. Sykes*, 433 U.S. 72 (1977). In deciding whether the petitioner procedurally defaulted a claim, the Court applies four criteria: (1) whether there is a state procedural rule that is applicable to the petitioner's claim; (2) whether the petitioner failed to comply with that rule; (3) whether the procedural rule was actually enforced in the petitioner's case; and (4) whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). The Court will excuse procedural default if the petitioner demonstrates good cause for the default and prejudice resulting therefrom. *See Wainwright*, 433 U.S. at 87. The prejudice must have worked to the petitioner's "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *U.S. v. Frady*, 456 U.S. 152, 172 (1982).

*1. Ground One*

Here, the Petitioner first argues that no procedural default occurred with respect to his first claim for relief. [Doc. 24.] Specifically, Shafer says that his failure to contemporaneously object at trial to the amendment to the indictment does not represent an adequate and independent state ground to stop federal habeas review because the trial court announced its ruling without "inviting the parties to express their views." *Id.* After reviewing the transcript from the Petitioner's jury trial, however, the Court finds the Petitioner's argument unpersuasive.

States bear the same obligation to protect the constitutional rights of criminal defendants as do federal courts. In order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration. 28 U.S.C. § 2254(b), (c). If, because of a procedural default, the petitioner can no longer present his claims to the state courts, then he has also waived those claims for purposes of federal habeas corpus review, unless he can demonstrate both cause for the procedural default, as well as actual prejudice from the alleged constitutional error. *Murray v. Carrier*, 477 U.S. 478, 485(1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

Ohio employs the contemporary objection rule. Ordinarily, the failure to interpose a timely objection at a time when the trial court can correct an error constitutes a waiver of any objection to the admissibility of evidence. Absent an objection, Shafer need show"[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Ohio Crim.R. 52

The transcript excerpts cited by the Petitioner in his objection to the Magistrate's

recommendation show that the trial court engaged in an extended colloquy with both defense counsel and the government to clarify the nature of the amendment of the indictment. *Id.* Although defense counsel asked several questions during the course of that exchange, in order to clarify the exact dates applicable under the amended indictment, Petitioner Shafer did not at any time raise an objection. *Id.* Moreover, the record does not reflect that the Petitioner made any subsequent attempt to object to the amended indictment. *Id.* Accordingly, the Court does not accept the Petitioner's claim that the trial court did not afford him an opportunity to contemporaneously object to the amended indictment.

Moreover, Petitioner Shafer does not show cause and prejudice for his procedural default. As the Magistrate's Report and Recommendation notes, under Ohio law an indictment need not state the exact time of an alleged offense in order to be valid. OHIO REV. CODE ANN. § 2941.03(B), (C), (E). More specifically, Ohio courts have held that amending an indictment so as to expand the dates of an offense is permissible, and not violative of due process of law, provided that " . . . the precise time and date are not essential elements of an offense . . . " *State v. Murrell*, 595 N.E.2d 982, 984 (Ohio Ct. App. 1991).

Here, there is no evidence that the failure of the indictment to specify the exact time of the offense imposed a material detriment to the Petitioner's preparation of his defense. As the Magistrate's Report notes, Shafer was not relying on an alibi defense to prove his innocence. [Doc. 16.] Indeed, given that Shafer's primary defense was that the victim was lying, the exact time that the offenses occurred was largely immaterial to the Petitioner. Accordingly, the Court finds no basis for excusing Petitioner Shafer's procedural default with respect to his first claim for relief.

*2. Grounds Two and Three*

Petitioner Shafer concedes that he failed to contemporaneously object at trial when (1) the trial court failed to instruct the jury that it must be unanimous as to the conduct that the jury believed constituted a particular offense and (2) when the prosecutor arguably made inflammatory statements in his closing argument. [Doc. 24.] Accordingly, the Petitioner does not dispute that he has presumptively procedurally defaulted these claims. *Id.* However, the Petitioner says that the Court should excuse his default because to do otherwise would result in a fundamental miscarriage of justice. *Id.* Although Shafer's arguments are not without merit, the Court ultimately finds that the Petitioner has failed to show that a "fundamental miscarriage of justice" would occur.

In *Murray v. Carrier*, the Supreme Court held that a "fundamental miscarriage of justice" occurs only "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent . . . " 477 U.S. 478, 496 (1986). Here, the Court finds that the trial court erred in allowing the prosecutor to make inflammatory statements in his closing argument. The record does not indicate, however, that the Petitioner's case falls within the truly exceptional set of circumstances where a constitutional violation has resulted in the conviction of an innocent person. Accordingly, the Court agrees with the Magistrate's recommendation that Petitioner Shafer has procedurally defaulted Grounds two and three.

**B. Remaining Grounds for Relief**

*1. Ineffective Assistance of Counsel*

In his fourth claim for relief, Petitioner Shafer argues that his trial counsel failed to provide effective assistance as required by the Sixth Amendment. [Doc. 1.] To establish ineffective assistance of counsel, a Petitioner must show that their counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result

unreliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Bigelow v. Williams*, 367 F.3d 562, 570 (6th Cir. 2004); *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir. 2003), *cert. denied*, 540 U.S. 1133 (2004); *Bugh v. Mitchell*, 329 F.3d 496, 513-14 (6th Cir.), *cert. denied*, 540 U.S. 930 (2003). A reviewing court's scrutiny of counsel's performance is highly deferential, *Strickland*, 466 U.S. at 689; indeed, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690; *accord Bigelow*, 367 F.3d at 570; *Mallett*, 334 F.3d at 497. Nonetheless, the court must make an independent judicial evaluation of counsel's performance and determine whether counsel acted reasonably under all the circumstances. *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000) ("the relevant question is not whether counsel's choices were strategic, but whether they were reasonable").

Here, the Petitioner says that his right to effective counsel was violated based upon his attorney's failure to (1) object to improper jury instructions, (2) object to the improper amendment of the indictment, (3) object to improper closing arguments of the prosecutor, (4) request that the jury be instructed on the need to be unanimous as to what conduct constituted a specific offense, (5) request that the jury be instructed as to dates and times of offense that correlated with the bill of particulars, and (6) request that the jury be instructed to confine its consideration of the police officer's opinion about the defendant's guilt to the issue of the officer's bias and not as substantive evidence of guilt. [Doc. 1.] Accordingly, the Petitioner objects to the Magistrate Judge's Report and Recommendation denying relief on this ground. [Doc. 24.] Ultimately, the Court agrees with the Magistrate that the errors/omissions cited by the Petitioner do not rise to the level of a Sixth Amendment violation. Accordingly, the Court adopts the Magistrate's recommendation.

*a. Failure to Object to Improper Jury Instructions*

Petitioner Shafer first says that his right to effective counsel was violated based upon his attorney's failure to object to improper jury instructions. [Doc. 1.] As the Magistrate notes, however, the Petitioner did not specify what part of the jury instructions was objectionable in requesting habeas relief. [Doc. 1.] Since his objections to the Magistrate's Report continues to be silent on this point, the Court adopts the Magistrate's discussion and resolution of this claim of ineffective assistance.

*b. Failure to Object to Improper Amendment of the Indictment*

The second basis for the Petitioner's ineffective assistance claim renews his previous argument that he was prejudiced by the trial court's improper amendment of the indictment. [Doc. 1.] Specifically, Petitioner Shafer says that his trial counsel's failure to contemporaneously object to the amendment of the indictment denied the Petitioner his right to effective assistance. *Id.*

The Court finds this argument unpersuasive because even if the Petitioner's trial counsel erred in failing to object to the amendment of the indictment, no evidence suggests that the amendment prejudiced the Petitioner's defense. Under Ohio law an indictment need not state the exact time of an alleged offense in order to be valid. OHIO REV. CODE ANN. § 2941.03(B), (C), (E). Moreover, Ohio courts have held that amending an indictment so as to expand the dates of an offense is permissible, and not violative of due process of law, provided that " . . . the precise time and date are not essential elements of an offense . . . " *State v. Murrell,* 595 N.E.2d 982, 984 (Ohio Ct. App. 1991). Given that Petitioner Shafer did not pursue any defenses for which the precise time or date of the offenses was critical, such as an alibi defense, the Court finds no evidence that his

counsel's failure to object to the expansion of the indictment prejudiced him.

*c. Failure to Object to Improper Closing Arguments of the Prosecutor*

With his ineffective assistance of counsel claim, the Petitioner also renews his argument that the trial court erred in allowing the prosecutor to argue beyond the evidence and appeal to the passions of the jury during closing arguments. [Doc. 1.] As was discussed above, the trial court should not have allowed the prosecutor to make some of the inflammatory statements cited by the Petitioner. Ultimately, however, the Court finds that any harm stemming from trial counsel's failure to object to such improper prosecutorial statements does not rise to the level required to support an ineffective assistance of counsel claim.

To establish an ineffective assistance of counsel claim from the prosecutor's improper comments, the Petitioner need show that the comments at issue "so infected the trial with unfairness as to make th resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). Moreover, with respect to claims of prosecutorial conduct the Supreme Court has traditionally allowed state courts substantial leeway since "constitutional line drawing [in prosecutorial misconduct cases] is necessarily imprecise." *Donnelly v. DeChrisoforo*, 416 U.S.C. 637, 645 (1974).

Here, Petitioner Shafer fails to meet that burden. As the Magistrate correctly notes in her Report, "[t]he state had a strong case against Shafer as a result of the testimony of the victim and inconsistencies in Shafer's own statements." [Doc. 16.] Accordingly, this Court finds it difficult to believe that the statements at issue here were in any way outcome determinative. The Court therefore agrees with the Magistrate's determination that the admission of improper prosecutorial

statements in this case were insufficient to make out an ineffective assistance of counsel claim.

*d. Failure to Request That the Jury Be Instructed on the Need to Be Unanimous as to What Conduct Constituted a Specific Offense*

Petitioner Shafer also argues as the fourth basis for his ineffective assistance of counsel claim that trial counsel committed constitutional error in failing to request that the jury be instructed on the need to be unanimous as to what conduct constituted each offense charged. [Doc. 1.] In this case, the government charged Petitioner Shafer with two counts of rape and four counts of gross sexual imposition of a victim under 13 years of age. [Doc. 16.]

As the Petitioner notes in his objections to the Magistrate's Report and Recommendation, the trial court gave a jury instructions that did not specifically state "which of the three potential instances of sexual conduct or the scores of potential instances of sexual contact constituted which charge." [Doc. 24.] The Magistrate says in her Report that the absence of a unanimity instruction does not prejudice the Petitioner, and therefore cannot serve as the basis for an ineffective assistance of counsel claim, because "[t]here is no requirement under Ohio law that a judge charge a jury that it must find that a defendant engaged in one or more particular acts when there are several acts which constitute 'sexual conduct.'" *See State v. Thompson*, 33 Ohio St. 3d 1, 18 (1987) [Doc. 16.] The Petitioner objects, arguing that the Ohio Supreme Court has held that "when a 'single count can be divided into two or more 'distinct conceptual groupings,' the jury must be instructed specifically that it must unanimously conclude that the defendant committed acts falling within one such grouping in order to reach a guilty verdict.'" *State v. Johnson*, 46 Ohio St.3d 96, 104-105 (1989) [Doc. 24.] However, the Petitioner's argument is misplaced.

In *Johnson*, the Ohio Supreme Court did recognize that in certain circumstances Ohio law does require a jury instruction regarding act unanimity. *Johnson*, 46 Ohio St.3d at 104. But no evidence suggests that Petitioner Shafer's case falls within the relatively narrow set of circumstances described in that case. Indeed, in *State v. Thompson* the Ohio Supreme Court explicitly rejected the proposition that a specific unanimity instruction is required for a rape charge brought under R.C. 2907.02(A)(2). *Thompson*, 33 Ohio St. 3d at 18. Under that statute, which is also applicable in the instant case, the "sexual conduct" that serves as the predicate for rape may consist of a variety of sexual acts, including vaginal intercourse, anal intercourse, fellatio, etc. *See* R.C. 2907.02(A)(2). In addressing whether a specific act unanimity instruction is required, the Court held that "[t]he fact that some jurors might have found that appellant committed one [type of sexual conduct], but not the other, type of rape in now way reduces the reliability of appellant's conviction, because a finding of either type of conduct is sufficient to establish the fact of rape in Ohio." *Thompson*, 33 Ohio St. 3d at 12. Accordingly, with respect to Petitioner Shafer's rape conviction it appears that no legitimate basis even existed for his trial counsel to request a jury instruction regarding act unanimity.

Similar logic applies to the Petitioner's gross sexual imposition convictions. R.C. 2907.04 provides that "[n]o person shall have sexual contact with another . . . when . . . the other person . . . is less than thirteen years of age . . . ," and defines "sexual contact" to include a list of prohibited activities, any one of which is sufficient to trigger a gross sexual imposition violation. Accordingly, it appears that under Ohio law it is sufficient that the jury unanimously determined that the Petitioner engaged in one of the prohibited types of conduct enumerated in the statute. Moreover, the Defendant does not cite to and the Court is not aware of any case law holding that the statutory

provisions at issue here fall within the category of cases that require a specific unanimity instruction. Therefore, the Court again agrees with the Magistrate that no legitimate basis existed for Petitioner Shafer's trial counsel to request the instruction the Petitioner now argues was required to meet the standard of care.

*e. Failure to Request That the Jury Be Instructed as to Dates and Times of Offense That Correlated with the Bill of Particulars*

The Petitioner's fifth argument in support of his ineffective assistance claim is that his trial counsel erred in failing to have the trial court confine the jury's consideration to the allegations described in the State's Bill of Particulars. [Doc. 1.] Specifically, Petitioner Shafer argues that his trial attorney should have objected to the State questioning the victim about an alleged act of gross sexual imposition that took place in the Petitioner's house because the bill of particulars alleged that all the acts charged occurred in the victim's home. *Id.* In support of this proposition, Petitioner Shafer argues in his objection to the Magistrate's Report that Ohio courts have clearly held that the State "should be restricted in its proof to the indictment and the particulars set forth in the bill." *State v. Vitale*, 96 Ohio App.3d 695, 700 (1994). Accordingly, the Petitioner argues that had his counsel acted properly, "the jury would have been unable to consider the events at Petitioner's mother's home" and that "the reliability of the guilty verdicts on the gross sexual imposition charges . . . " would therefore have been undermined. [Doc. 24.] The Court disagrees.

As the Magistrate's Report notes, the purpose of a bill of particulars is "to inform the defendant of the nature of the charge with sufficient precision to enable the defendant to prepare for trial, to prevent surprise, or to enable the defendant to plead an acquittal or conviction in bar of

another prosecution for the same offense." *State v. Clay*, 280 N.E.2d 385, 393 (1972). Although the victim's testimony at trial differed somewhat from the charges in the bill of particulars, those differences did not prevent him from adequately preparing for trial. Had the Petitioner sought to present a defense for which the location and timing of the alleged events was critical, such as an alibi defense, then the Court might reach a different result. Petitioner Shafer never made such an argument. Additionally, under Ohio law "a certain degree of inexactitude in averments is not necessarily fatal to a prosecution in cases dealing with sex offenses against victims of tender years." *State v. Lawrison,* 551 N.E.2d 1261, 1262 (1990).

*f. Failure to Request That the Jury Be Instructed to Confine its Consideration of the Police Officer's Opinion about the Defendant's Guilt to the Issue of the Officer's Bias and Not as Substantive Evidence of Guilt.*

Finally, Petitioner Shafer argues that his counsel was ineffective in not moving the trial court to give a limiting instruction about Detective Strickler's testimony. [Doc. 1.] During the course of the trial, Petitioner's counsel made the tactical decision to ask Detective Strickler his personal opinion regarding the victim's believability and the Petitioner guilty, with the intention of exposing Strickler's bias. In his objection to the Magistrate's Report, the Petitioner does not contest the validity of that strategic decision. [Doc. 24.] The Petitioner does say, however, that his counsel erred in failing to request a limiting instruction to clarify that the jury cannot use the Detective's testimony as substantive evidence of guilt. *Id.*

The Court agrees with the Petitioner that the trial court should have instructed the jury not to consider Detective Strickler's opinion as substantive evidence of guilt. Stickler enjoyed no personal knowledge sufficient to base any opinion regarding the victim's credibility. As a police

officer, Strickler's testimony could have improperly influenced the jury's ability to serve as fact finders. Ultimately, however, the Court does not believe that this error rises to the level of a constitutional violation.

The Petitioner himself concedes that eliciting Strickler's opinion, so as to establish bias, was a valid strategic decision. [Doc. 24.] That fact alone differentiates this case from *State v. Boston*, which the Petitioner cites for the proposition that it is not permissible for officers to testify as to the credibility of another witness, because it infringes upon the role of the fact finder. 46 Ohio St.3d 108, 128 (1989) (overruled on other grounds). Specifically, unlike in *Boston* the net result of Strickler's testimony here is at worst mixed for the Petitioner as the jury may very well have found that Strickler was in fact less credible because he was biased. Regardless, the Court rejects the idea that the absence of a limiting instruction sufficiently prejudiced the defense so as to render the trial unfair and the result unreliable.

*2. Sixth Amendment Right to Trial by Jury*

In his fifth and final ground for relief, Petitioner Shafer argues that his re-sentencing violated his Sixth Amendment right to trial by jury because the trial court imposed a sentence that exceeded the presumptive minimum and imposed consecutive sentences based on findings of fact made by the trial judge. [Doc. 1.] Respondent disagrees, arguing that the Petitioner did not suffer any prejudice from his re-sentencing. [Doc. 18.] Magistrate Judge Hemann agreed with the Petitioner that "the court sentenced Shafer beyond the statutory maximum . . . by making additional judicial findings of fact . . . in direct violation of the holdings in *Blakely* and *Apprendi*." [Doc. 16.] Accordingly, Magistrate Judge Hemann recommends that the court grant the Petitioner's fifth ground for relief.

*Id.* Ultimately, the Court agrees with the Respondent that Petitioner's re-sentencing did not result in any prejudice and therefore rejects the Magistrate's recommendation.

In *Blakely v. Washington*, the Supreme Court expanded upon its previous decision in *Apprendi v. New Jersey*, holding that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 542 U.S. 296 (2004). The Court in *Blakely* also provided guidance on what constitutes a "statutory maximum" for *Apprendi* purposes, stating that:

> The relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment."

*Id.*

Here, Petitioner Shafer was found guilty of one count of rape, in violation of R.C. 2907.02, and four counts of gross sexual imposition, in violation of R.C. 2907.05. Rape is a first degree felony and gross sexual imposition is a third degree felony. Under Ohio's sentencing statute, which the Ohio Supreme Court has since held violated Defendants' Sixth Amendment right to a jury trial[1/], the basic statutory range for a first degree felony was three, four, five, six, seven, eight, nine, or ten years and the basic statutory range for a third degree felony was one, two, three, four, or five years. *See* R.C. 2929.14(A)(1) and (A)(3). Under R.C. 2929.14(B), however, a sentencing court is required to impose the shortest prison term authorized for a particular offense, absent a judicial finding that a longer sentence is justified based upon certain enumerated factors. Additionally, Ohio courts are only allowed to impose consecutive sentences in instances where the court finds that either (1) such

[1/] *See State v. Foster*, 845 N.E.2d 470 (2006).

a sentence is necessary to protect the public from future crime; or (2) the multiple offenses at issue were committed as part of one course of conduct and the harm caused by the multiple offenses is so great or unusual that no single prison term adequately reflects the seriousness of the offender's conduct.

Under R.C. 2929.14, the presumptive prison term for Petitioner Shafer was three years for his rape conviction and one year for his gross sexual imposition convictions. The trial court, however, sentenced the Petitioner to five years of incarceration on the rape conviction and to one year of incarceration on each count of gross sexual imposition. [Doc. 16.] Additionally, the trial court stipulated that the one-year sentences were to run concurrently with each other but consecutive to the five year sentence. *Id.*

In support of this sentence, the trial court apparently found that a sentence greater than the presumptive minimum was justified because Petitioner Shafer (1) failed to show remorse; and (2) capitalized on his position of trust to commit the offenses at issue. *Id.* The Court agrees with the Magistrate that " . . . the [trial] court [therefore] sentenced Shafer beyond the statutory maximum . . . by making additional judicial findings of fact." *Id.* Accordingly, the sentence violated both *Blakely* and *Apprendi*.

In its objection to the Magistrate's Report and Recommendation, Respondent does not deny that the manner in which Petitioner Shafer was sentenced violated *Blakely*. [Doc. 18.] Respondent does argue, however, that the Court should nonetheless deny Petitioner Shafer's fifth ground for relief because any error in sentencing Shafer was harmless. *Id.* Ultimately, the Court finds that the Petitioner has failed to show any prejudice stemming from the sentencing error at issue and therefore agrees with the Respondent.

After the Ohio Supreme Court's decision in *State v. Foster*, sentencing judges are free to impose any sentence within the applicable statutory range without the need to make any specific judicial findings. *See Foster*, 845 N.E.2d at 496. Stated otherwise, because Ohio remedied its unconstitutional sentencing regime by making its guidelines advisory, there is no reason to believe the Petitioner would receive a more favorable sentence if the Court grants his habeas request for relief. In light of the fact that the Supreme Court has held that *Blakely* violations are not "structural" errors that require automatic reversal, we therefore agree with Respondent that no basis exists for granting the Petitioner's request for relief despite the fact that his re-sentencing clearly did violate *Blakely*.

IV. Conclusion

For the reasons provided below, the Court **ADOPTS** in part and **DENIES** in part the Magistrate Judge's Report and Recommendation and **DENIES** the Petitioner's requests for relief.

IT IS SO ORDERED.

Dated: January 30, 2007

s/ *James S. Gwin*

JAMES S. GWIN
UNITED STATES DISTRICT JUDGE