```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                          :
ANTHONY SHAFER,                           :    CASE NO. 1:06-CV-648
                                          :
            Petitioner,                   :
                                          :
vs.                                       :    ORDER
                                          :
JULIUS WILSON, Warden,                    :
                                          :
            Respondent.                   :
                                          :
------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On January 30, 2007, this Court denied Anthony Shafer's petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After reviewing the applicable law, this Court grants Petitioner Shafer a Certificate of Appealability ("COA") as to his fourth and fifth claims for relief and denies a COA for Petitioner's remaining claims.

I. Background

With his petition, Shafer seeks relief from the sentence that Ohio imposed following his conviction on one court of rape of a victim under 13 years of age and four counts of gross sexual imposition. [Doc. 1.][1] This Court reviewed the Petitioner's claims for relief in accordance with

---

[1] In his petition, Shafer raised the following five grounds for relief:

Ground One: MR SHAFER WAS DENIED HIS RIGHT TO DUE PROCESS WHEN THE TRIAL COURT AMENDED THE INDICTMENT TO SIGNIFICANTLY EXPAND THE TIME FRAME WITHIN WHICH THE ALLEGED OFFENSES WERE COMMITTED.

Ground Two: THE TRIAL COURT DENIED MR. SHAFER HIS RIGHT TO DUE PROCESS AND TRIAL BY JURY WHEN IT FAILED TO INSTRUCT THE JURY THAT IT MUST BE UNANIMOUS AS TO THE CONDUCT THAT THE JURY BELIEVED CONSTITUTED A PARTICULAR OFFENSE.

(continued...)

Case No. 1:06-CV-648
Gwin, J

28 U.S.C. § 2254(d).

In its Order of January 30, 2007, this Court found that Petitioner failed to meet the standards for habeas relief on his claims and denied his habeas petition.

At this time, Petitioner Shafer has not applied to the Court for a COA in this matter. But the Sixth Circuit instructs that a district court need not wait until a petitioner moves for a COA before issuing a COA for claims raised in the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). Instead, a district court may "determine whether to issue a certificate of appealability when [it] denies the initial petition" for a writ of habeas corpus. *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *cert. denied*, 520 U.S. 1224 (1997); *see also Castro*, 310 F.3d at 901 (same).

---

[1]/(...continued)

Ground Three: MR. SHAFER WAS DENIED HIS RIGHT TO DUE PROCESS AND TRIAL BY JURY WHEN THE PROSECUTOR ARGUED BEYOND THE EVIDENCE IN CLOSING ARGUMENT AND APPEALED TO THE PASSIONS OF THE JURY BY URGING THE JURY TO DO JUSTICE FOR THE VICTIM AND BY COMMENTING ON THE DEFENDANT'S CHARACTER AND THE CHARACTER OF DEFENSE COUNSEL.

Ground Four: MR. SHAFER RECEIVED THE INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY FAILED TO OBJECT TO IMPROPER JURY INSTRUCTIONS, FAILED TO OBJECT TO THE IMPROPER AMENDMENT OF THE INDICTMENT, FAILED TO OBJECT TO IMPROPER CLOSING ARGUMENTS OF THE PROSECUTOR, FAILED TO REQUEST THAT THE JURY BE INSTRUCTED ON THE NEED TO BE UNANIMOUS AS TO WHAT CONDUCT CONSTITUTED A SPECIFIC OFFENSE, FAILED TO REQUEST THAT THE JURY BE INSTRUCTED AS TO DATES AND TIMES OF OFFENSE THAT CORRELATED WITH THE BILL OF PARTICULARS, AND FAILED TO REQUEST THAT THE JURY BE INSTRUCTED TO CONFINE ITS CONSIDERATION OF THE POLICE OFFICER'S OPINION ABOUT THE DEFENDANT'S GUILT TO THE ISSEU [sic] OF THE OFFICER'S BIAS AND NOT AS SUBSTANTIVE EVIDENCE OF GUILT.

Ground Five: MR. SHAFER WAS DENIED HIS SIXTH AMENDMENT RIGHT TO TRIAL BY JJURY [sic] BECAUSE THE TRIAL COURT IMPOSED A SENTENCE OF SIX YEARS OF IMPRISONMENT, WHICH EXCEEDED THE PRESUMPTIVE MINIMUM AND CONCURRENT SENTENCE OF THREE YEARS UNDER OHIO LAW, ON THE BASIS OF FINDINGS ESSENTIAL TO PUNISHMENT THAT WERE MADE BY THE TRIAL JUDGE ALONE, NOT REFLECTED IN THE JURY'S VERDICT AND NOT ADMITTED BY THE DEFENDANT.

[Doc. 1.]

Case No. 1:06-CV-648
Gwin, J

## II. Legal Standard for Certificate of Appealability

Congress mandates that a prisoner seeking post-conviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). To file an appeal, a petitioner must obtain a COA. *Id.* A petitioner seeking a COA must show a "substantial showing of the denial of a constitutional right." *Id.* (quoting 28 U.S.C. § 2253(c)(2)). A district court grants a COA when "jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniels*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

A district court should not issue a blanket grant or blanket denial of a COA. Instead, a district court "should separate the constitutional claims that merit the close attention of counsel and this court from those claims that have little or no viability." *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001).

Finally, the decision whether to grant a COA is distinct from the underlying merits of a habeas petition. Granting a COA "does not require a showing that the appeal will succeed." *Miller-El*, 537 U.S. at 337. Indeed, a "claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that the petitioner will not prevail." *Id.* at 338.

## III. Analysis

After applying the above legal standards, the Court will issue a COA for Petitioner Shafer's fourth and fifth claims for relief. The Court will not issue a COA for Shafer's other claims.

Case No. 1:06-CV-648
Gwin, J

In his fourth claim for relief, Shafer asserted that his right to effective counsel was violated based upon his attorney's failure to (1) object to improper jury instructions, (2) object to the improper amendment of the indictment, (3) object to improper closing arguments of the prosecutor, (4) request that the jury be instructed on the need to be unanimous as to what conduct constituted a specific offense, (5) request that the jury be instructed as to dates and times of offense that correlated with the bill of particulars, and (6) request that the jury be instructed to confine its consideration of the police officer's opinion about the defendant's guilt to the issue of the officer's bias and not as substantive evidence of guilt. [Doc. 1.] In his fifth and final ground for relief, Petitioner Shafer argues that his re-sentencing violated his Sixth Amendment right to trial by jury because the trial court imposed a sentence that exceeded the presumptive minimum and imposed consecutive sentences based on findings of fact made by the trial judge. *Id.*

Although this Court denied both the Petitioner's fourth and fifth grounds for relief, " . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniels*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Accordingly, the Court issues a COA relative to Shafer's fourth and fifth claims for relief. This Court's decision to issue a COA on such claims does not, however, evaluate the merits of the Petitioner's appeal or the likelihood of its success. Granting the COA implies only that Shafer's fourth and fifth claims are debatable among jurists of reason.

Unlike Petitioner's fourth and fifth claims, the Court will not issue a COA as to Shafer's other claims for the reasons described below. In its January 30, 2007 Order – which this Court incorporates by reference – the Court rejected the Petitioner's first three grounds for relief as

Case No. 1:06-CV-648
Gwin, J

procedurally defaulted. The Court finds no viable basis for the Petitioner to challenge that determination and therefore will not issue a COA as to those claims for relief.

## IV. Conclusion

For the reasons stated in this opinion, this Court grants the Petitioner a Certificate of Appealability concerning his fourth and fifth claims for relief. As to Petitioner's remaining claims, this Court will not issue a COA.

IT IS SO ORDERED.


Dated: March 14, 2007                              s/     *James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE